Adams, J.
(Orally.)
The case of B. Dannemiller & Sons against Henry Leonard & Son is here on error. The plaintiff in error was the plaintiff below, and the case was commenced by the filing of a petition in the short form on an account for $733.99. The answer first contains a denial of the indebtedness, and on that, for obvious reasons, nothing could be claimed. The answer further alleges, in brief, a payment on the account on December 29th, 1896, by a note of D. Tyler for $550.40; claims that amount should be credited on the account, and admits a balance due of $183.59, and no more, and for the amount admitted to be due, the defendants afterwards offered to confess judgment.
*687 The reply admits that the parties agreed to receive the note as a payment; and the note, in fact, about which the controversy arises, was a forty day note, made by D. Tyler, payable to the order of Henry Leonard. But the reply further states that they agreed to-take that note as a payment, with the further agreement that Henry Leonard should endorse the note in the ordinary commercial way; but says that shortly after the receipt of the note the plaintiffs discovered that it was endorsed by Henry Leonard “without recourse”, and that that-endorsement was fraudulent, and in violation of the contract, and that they elected to rescind the contract and returned the note, and denies all other allegations of the answer.
It may as well be noted here that there are no other or further allegations of fraud, except that tney say that this endorsement was fraudulent — -“without recourse. ” There are no facts alleged from which the inference of fraud could be drawn; but the reply does allege a breach of the contract.
The case was tried on these issues, and resulted in a verdict for the plaintiff for an amount somewhat less than the-amount for-which the defendants offered to confess judgment — one hundred and eighty some dollars.
The plaintiffs prosecute error here, and insist this judgment should be reversed, — -first, for error in the exclusion of evidence, (2) error in the charge, and (3) that the verdict is not sustained by sufficient evidence.
The controversy here, and the fact to be determined by the jury, and to be reviewed by this court, as to the weight of the evidence, depends entirely upon the evidence of Julius Dannemiller and Henry Leonard. Henry Leonard testifies that the contract was that Dannemiller & Sons were to take this note of D. Tyler as a payment. He says-that nothing was said about endorsing it “without re *688 course”, but that he told them that if they preferred Tyler to him, they could have the note.
Dannemiller testifies that it was stated explicitly to Henry Leonard that he must endorse the note, and that “he knew what that meant — that if Tyler did not pay the note, that he must. ”
That is denied by Leonard, and as we view this case, that was the only controversy between the parties as to what the real contract was; although there might have been another controversy as to whether Dannemiller knowingly accepted the note with the endorsement “without recourse” thereon, and thereby agreed to a new and a different contract from the one which he testified to.
So-that, there being this conflict of testimony, and it depending almost entirely upon whether the jury would believe Julius Dannemiller or Henry Leonard, it is clearly not a case where a reviewing court can say that the verdict is clearly or manifestly against the weight of the evidence.
This charge is long, and there are numerous exceptions to it, but we have examined the charge carefully, and while in the trial of this case and in the charge there was perhaps too much said about the question of fraud (because we think that there was no real allegation of fraud in the pleading), yet, after a careful examination of this charge, we think that the charge stated the law correctly as the case was tried between the parties.
The other error, in the exclusion of the evidence, occurs on page 36, as to the testimony of Louis it. DeVille. Both Dannemiller and Leonard testify that one or two conversations that they, had were over the telephone. That is, Dannemiller was in the office of Dannemiller & Sons using the telephone there, and Leonard was at the other end •of the line. Both agree that there was a conversation, and •disagree ss to the terms of that conversation, as to what was said by the respective parties to the conversation.
*689 Louis R. DeVille testifies that he was in the office of Dannemiller & Sons, and we think he identifies that telephone conversation with sufficient certainty, so that there ■can be no reasonable doubt that he was present, if his testimony is to be believed — that he, was present in the office of Dannemiller & Sons at the time that Dannemiller was talking to Leonard over the telephone.
Now he is asked to testify as to what Dannemiller said into the telephone at his end of the line. Of course, he ■could not hear, and he does not attempt to state what occurred at the other end of the line, nor. does he attempt to' repeat what Dannemiller said had occurred at the other end of the line. But the attempt is made to show by him what Dannemiller said; and the offer to prove by him is that Dannemiller said into the telephone, in that conversation, that “this note is to be endorsed by you, you know what that means,- — -if Tyler does not pay it, you must.” Now -the question is whether that testimony is competent or not;' and if competent, is it material.
- The case in 153rd Illinois, page 262, and I need only •read the second paragraph of the syllabus, — says:
“It is not error to permit a by-stander in a telephone office to testify to the part heard by him of a conversation by telephone, such conversation being shown aliunde to have been between the parties to a suit, and upon the ■subject-matter thereof. ”
Leonard testifies that this conversation was about the subject-matter of the suit. Dannemiller testifies that it- was about the subject of the suit, and each gives his ■version of that conversation. DeVille testifies that he •was .there, and he heard Dannemiller’s part of it, and the offer is made to prove by him what Dannemiller said. We think that on the authority of this Illinois case, and upon the reason of the matter, that t'he testimony is competent.
*690 By way of illustration, if you leave out the connection by the telephone line, and have Dannemiller and Leonard in adjoining rooms so that they are not visible to each other, but the sound of their voices could be heard between them, and have DeVille in the room with Dannemiller where he-can see and hear Dannemiller, but cannot see or hear Leonard, and you have Leonard and Dannemiller admitting that they were talking to each other at that time,and DeVille testifying to wbat Dannemiller said,we think that would simplify the matter by leaving out the telephone connection,, clearly DeVille’s testimony tends very strongly to corroborate the testimony of Dannemiller as to what that conversation was. Where there is a dispute between Dannemiller and Leonard as to what was said there, we think the evidence waB competent. And it was material; in the state of this proof, where the case turned upon whether Dannemilier told the truth, or whether Leonard told the truth, or which one the jury would believe, we think that it was a very material matter. It might have changed the verdict in this case. And, for the error in the exclusion of' that evidence, and for no other error, the judgment of the court of common pleas is reversed, and the cause is remanded for a new trial.